IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEE HOLDEN PARKER,

    Petitioner,

vs.                                         Civil No.  15-cv-326-DRH-CJP

WARDEN JACQUELINE LASHBROOK,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Lee Holden Parker is an inmate in the custody of the Illinois Department of Corrections.  He filed a petition for habeas relief pursuant to §2254, Doc. 1.  As construed on preliminary review, the petition alleges that prison disciplinary proceedings which resulted in the loss of good conduct credit violated petitioner's Due Process rights.  See, Doc. 6.

Respondent filed an answer to the petition at Doc. 12.  Among other points, respondent argues that petitioner failed to exhaust state judicial remedies.  Petitioner filed a reply at Doc. 14.  He does not claim to have exhausted state judicial remedies.

### Relevant Facts

In 1984, Parker was convicted of attempted aggravated kidnapping, unlawful restraint, home invasion, residential burglary, and armed violence. See *People v. Parker*, 490 N.E.2d 1076, 1076-77 (Ill. App. Ct. 1986).  He is serving two concurrent terms of natural life imprisonment along with a concurrent term of

seven years' imprisonment on the attempted aggravated kidnapping conviction.

In July 2014, while Parker was assigned to Lawrence Correctional Center, he was issued a disciplinary ticket charging him with assaulting his cellmate. He was found guilty after a prison adjustment committee hearing and was sanctioned with, as is relevant here, revocation of one year of good conduct credits or statutory good time.[1] Parker alleges that his Due Process rights were violated in that he requested that two inmates appear as witnesses, but his witnesses were not called.

## Applicable Legal Standards

**1. Law Applicable to §2254 Petition**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* simply another round of appellate review of a state court decision. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

[1] Even though he is serving two concurrent natural life sentences, petitioner receives good conduct credit on his seven year sentence for attempted aggravated kidnapping. See, Doc. 12, p. 5.

State court proceeding."

## 2. The Exhaustion Requirement

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners such as Parker must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

## Analysis

Respondent first argues that the Court should decline to address the petition under the concurrent sentences doctrine. That is, because Parker is serving two concurrent natural life sentences, the length of his sentence cannot be affected by

the revocation of good conduct credits on his term-of-years sentence. Petitioner responds that the revocation of credit does, in fact, prejudice him because a record of discipline may adversely affect a request for executive clemency, and also affects his security classification. The Court doubts that such collateral consequences can be addressed in a habeas petition, but finds it unnecessary to resolve the point because it is clear that Parker has failed to exhaust state judicial remedies.

Before filing a federal habeas petition challenging prison discipline, an Illinois prisoner must first exhaust administrative remedies through the prison grievance process. *McAtee v. Cowan*, 250 F.3d 506, 508–509 (7th Cir. 2001). If unsuccessful, he must then exhaust state judicial remedies by filing "a complaint for an order of mandamus from an Illinois circuit court." *Id.* If he loses at the circuit court stage, he "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust his state remedies. *Id.* See also, *Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016), noting that the filing of a mandamus action in state court is "a prerequisite for Illinois prisoners challenging disciplinary actions in federal court by bringing a §2254 petition in federal court."

Respondent argues that petitioner has failed to exhaust state judicial remedies.[2] Counsel for respondent represents that she was advised by the clerk of the circuit court of Jackson County, Illinois, that Parker had not filed a mandamus action in that court, and that the warden of Lawrence Correctional Center has not

---

[2] Respondent also argues that petitioner failed to properly exhaust administrative remedies, which petitioner disputes. It is not necessary to resolve that dispute because it is clear that state judicial remedies have not been exhausted.

been served with such an action. Doc. 12, p. 7.

Parker does not claim to have exhausted state judicial remedies. He does point out, correctly, that Lawrence Correctional Center is located in Lawrence County, not Jackson County. However, he does not dispute that the warden of Lawrence Correctional Center has not been served with a state mandamus action challenging the prison disciplinary action in issue.

Parker argues that *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), permits him to bring a federal habeas petition without first exhausting state judicial remedies. That is, simply, incorrect. Exhaustion of state judicial remedies is required. *McAtee, supra.*

It is clear that petitioner has not exhausted state judicial remedies. He has not argued that exhaustion is excused because of §2254(b)(1)(B). Such an argument would be futile in any event. There is an available state corrective process, i.e., a mandamus proceeding. See, *McAtee, supra; Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984). And, there is no indication that an Illinois mandamus proceeding would be ineffective to protect his rights.

### **Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that

"reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, *Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

This cause of action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state judicial remedies.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: June 20, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.06.20 09:46:56 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition.  Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability.  Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability.  Further, a motion to reconsider the denial does not extend the time for appeal.  See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.